UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SILVA ALEXANDER VELEZ, on behalf of himself    :
and all others similarly situated,                      :
                                                  :      10 Civ. 3735 (SHS)
                              Plaintiffs,   :
                                             :      OPINION & ORDER
                     -against-         :
                                           :
PERRIN HOLDEN & DAVENPORT CAPITAL CORP.,  :
NELSON BRAFF, JODY EISENMAN and          :
PETER HOFFMAN,                         :
                                         :
                              Defendants.   :
------------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

       Silva Alexander Velez brings this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law on behalf of himself and other similarly situated stock brokers employed or formerly employed by defendant Perrin Holden & Davenport Capital Corp. ("PHD Capital").[1]  The individual defendants are officers and owners of PHD Capital. Specifically, plaintiff claims that defendants failed to pay him overtime, commissions, and timely wages.  Velez seeks designation of this litigation as a collective action pursuant to FLSA section 216 for his FLSA claims and as a class action pursuant to Fed. R. Civ. P. 23 for his state law claims.

       Defendants have now moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4, on the ground that Velez agreed to arbitrate his FLSA claims at the

---

[1] The parties agree that Perrin Holden & Davenport Capital Corp. employed plaintiff and that that entity therefore should be substituted as a defendant in the place of PHD Capital Advisory Services LLC, which was mistakenly named as a defendant. (*See* Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Am. Compl., at 1; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss the Am. Compl., at 1.)  The caption has been changed accordingly.

time he was hired.  Because the Court finds that a "collective action" is not encompassed within the term "class action" as that term is used in FINRA's rules, the Court compels arbitration of Velez's FLSA claims.

The FAA provides that a federal court shall stay an action pending arbitration in any suit involving "any issue referable to arbitration" pursuant to a written arbitration agreement.  9 U.S.C. § 3.  In determining whether this automatic stay applies, courts consider (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) whether Congress intended any federal statutory claims to be nonarbitrable; and (4) if only certain of the claims are arbitrable, whether to stay the balance of the proceedings pending the outcome of the arbitration.  *Guyden v. Aetna Inc.*, 544 F.3d 376, 382 (2d Cir. 2008).  Where there is a question as to whether claims are arbitrable, the federal policy favoring arbitration mandates that "any doubts . . . should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Here, it is undisputed that Velez, upon being hired by PHD Capital, signed a valid and enforceable employment agreement providing that "any disputes, differences or controversies arising under this Agreement shall be settled and finally determined by arbitration . . . according to the rules of the [Financial Industry Regulatory Authority ("FINRA")]."[2]  (Account Executive At-Will Employment Agreement, Ex. A to Affidavit of Peter Hoffman dated Aug. 6, 2010.)[3] The parties further agree that, pursuant to that employment agreement, the Code of Arbitration Procedure within the FINRA rules governs whether this action is arbitrable.

---

[2] FINRA is the successor to the National Association of Securities Dealers ("NASD").

[3] It is also undisputed that PHD Capital is a registered FINRA member, and plaintiff, as an employee of a registered FINRA member, is bound by FINRA's rules.  *See* FINRA Rule 0140.

FINRA Rule 13200 mandates arbitration of disputes between the parties "except as otherwise provided."  (FINRA Rule 13200, Ex. B to Declaration of Matthew D. Kadushin dated Aug. 27, 2010 ("Kadushin Decl.").)  Notably, FINRA Rule 13204 prohibits arbitration of "class action claims."  (FINRA Rule 13204, Ex. A to Kadushin Decl.)  It is thus uncontested that Velez's state law claims—which plaintiff has asserted as a class action pursuant to Fed. R. Civ. P. 23—are ineligible for arbitration.  The parties dispute, however, whether that exemption of class action claims from arbitration also applies to plaintiff's FLSA collective action claims. While defendants contend that collective actions are distinct from class actions and therefore subject to FINRA arbitration, Velez argues that the phrase "class action" in FINRA Rule 13204 encompasses a collective action and therefore collective action claims are not arbitrable.  Velez looks to the interpretation by FINRA staff members of FINRA's rules to support his position.

Every court to address whether an FLSA collective action is arbitrable pursuant to FINRA's rules has found in favor of arbitrability.  *See Gomez v. Brill Securities, Inc.*, No. 10 Civ. 3503, 2010 WL 4455827 (S.D.N.Y. Nov. 2, 2010); *Suschil v. Ameriprise Financial Servs., Inc.*, No. 07 Civ. 2655, 2008 WL 974045, at *5 (N.D. Ohio Apr. 7, 2008); *Chapman v. Lehman Bros., Inc.*, 279 F. Supp. 2d 1286, 1290 (S.D. Fla. 2003).  This Court agrees with its sister district courts.

FINRA Rule 13204 clearly states that "[c]lass action claims may not be arbitrated" under FINRA's Code of Arbitration Procedure.  However, that rule says nothing about collective action claims.  Although collective and class actions have much in common, there is a critically important difference: collective actions are opt-in actions, i.e., each member of the class must take steps to opt in to the action in order to participate in it, whereas class actions are opt-out actions, i.e., class members automatically participate in a class action unless they take

3

affirmative steps to opt out of the class action.  Collective actions bind only similarly situated plaintiffs who have affirmatively consented to join the action.[4]

Velez urges the Court to defer to the opinions of FINRA staff who have issued letters construing collective actions to come within the ambit of class actions for the purposes of FINRA arbitration.  (*See, e.g.*, Letter from Jean I. Feeney, NASD Assistant General Counsel, dated Sept. 21, 1999, Ex. C. to Kadushin Decl.; Letter from George H. Friedman, NASD Executive Vice President, Dispute Resolution, Director of Arbitration, dated Oct. 10, 2003, Ex. D to Kadushin Decl.)  However, those letters do not contain any substantial analysis, and the Feeney letter itself includes the disclaimer that "the opinions expressed herein are staff opinions only and have not been reviewed or endorsed by the Board of Directors of [the] NASD." Moreover, FINRA's website specifically states that "[s]taff-issued interpretive letters express staff views and opinions only and are not binding on FINRA and its Board."  (FINRA - Interpretive Letters, Ex. 1 to Affirmation of Emily A. Hayes dated Sept. 9, 2010).  Such "staff opinion letters are not the sort of agency interpretation that is entitled to deference by this Court."  *Gomez*, 2010 WL 4455827 at *1; *see also Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).  If FINRA wanted to prohibit arbitration of collective action claims, FINRA is certainly able to amend its rules to do so.  *See* FINRA Rulemaking Process, *available at* http://www.finra.org/Industry/Regulation/FINRARules/ RulemakingProcess (Feb. 2, 2010); *see also Gomez*, 2010 WL 4455827 at *2.

As noted above, the parties here have agreed in writing to arbitrate certain disputes as required by FINRA.   In light of other district court opinions, this Court's own interpretation of

---

[4] The fact that plaintiff's FLSA and state labor law claims generally cover the same subject matter does not erase the distinction between collective actions and class actions and therefore establish federal jurisdiction in this case.  *See Gomez*, 2010 WL 4455827 at *2.

FINRA rules, and the federal policy favoring arbitration as an alternative forum in which to resolve disputes, this Court finds that FLSA collective actions are within the scope of the parties' agreement to arbitrate. In addition, no congressional intent precludes arbitration of the federal FLSA claims. *See, e.g., Gomez*, 2010 WL 4455827 at *2; *Coheleach v. Bear, Stearns & Co.*, 440 F. Supp. 2d 338, 240 (S.D.N.Y. 2006).

Accordingly, defendants' motion is granted to the extent that the Court compels arbitration of Velez's FLSA claims. Pursuant to section 3 of the FAA, the trial of this action is stayed until the conclusion of the arbitration. The parties shall report to the Court in writing every six months commencing August 1, 2011, as to the status of the arbitration.

Dated: New York, New York
       February 3, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.

5